# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PIERRE CAINE,      )
            )
   Plaintiff,     )
            )
   v.         )  C.A. No. N16C-05-122 ALR
            )
SOVEREIGN PROPERTY   )
MANAGEMENT, LLC, a Delaware )
limited liability company d/b/a  )
GALLOWAY COURT APARTMENTS, )
            )
   Defendant.    )

Submitted: November 30, 2017
Decided: December 21, 2017

***Upon Defendant's Motion for Summary Judgment***
**DENIED**

## ORDER

Upon consideration of the Motion for Summary Judgment filed by Sovereign Property Management, LLC ("Defendant"); Plaintiff Pierre Caine's ("Plaintiff") opposition thereto; the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. This is a personal injury case involving a slip and fall. Plaintiff contends as follows:

On February 22, 2015, Plaintiff was at his mother's residence at the Galloway Court Apartments. At approximately 8:00 p.m., Plaintiff

walked his mother to her car in the parking lot. While walking to the car, Plaintiff observed several puddles on the walkway stemming from rain earlier in the day. However, Plaintiff claims that he did not see any ice on the walkway. While he was walking back inside the apartment building, Plaintiff slipped and fell on the walkway and contends that his fall was because he slipped on ice. Plaintiff sustained injuries as a result of the fall.

2. Defendant moves for summary judgment, contending that there was no duty to warn of or protect Plaintiff from slippery conditions of the walkway, since this was an open and obvious danger. Plaintiff opposes Defendant's motion.

3. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).
[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

4.     Generally speaking, "issues of negligence are not susceptible [to] summary adjudication."[4] Further, "questions of proximate cause except in rare cases are questions of fact ordinarily to be submitted to the jury for decision."[5] Thus, the Court should only grant summary judgment "when there is an absence of a genuine issue of any material fact as to negligence or proximate cause."[6]

5.     To succeed in a negligence claim under Delaware law, a plaintiff must prove that the defendant owed the plaintiff a duty and that the "breach of that duty proximately caused plaintiff's injury."[7] In this case, it is undisputed that Plaintiff was a business invitee. Delaware law generally provides that a landowner owes a duty to business invitees to "mak[e] safe any dangerous condition on the land which the landowner either knows about or should discover upon reasonable inspection of the property."[8]

6.     However, Defendant contends that it had no duty to warn of or protect Plaintiff from the slippery conditions of the walkway in this case because those conditions constituted an open and obvious danger. Defendant relies on *Jones v. Clyde Spinelli*, in which the court found that there was no duty to warn against a

---

[4] *Esberole v. Lowengrub*, 180 A.2d 467, 468 (Del. 1962).
[5] *Id.*
[6] *Staedt v. Air Base Carpet mart, Inc.*, 2011 WL 6140883, at *1 (Del. Super. Dec. 6, 2011).
[7] *Id.* (citing *Dilks v. Morris*, 2005 WL 445530, at *2 (Del. Super. Feb. 25, 2005)).
[8] *Agroe v. Commerce Square Apts. Ltd. P'ship*, 745 A.2d 251, 254 (Del. Super. 1999).

3

space heater in the middle of the floor of an office.[9] Defendant similarly relies on *Clifton v. Camden-Wyoming Little League*, in which the court found that there was no duty to warn against a pothole that the plaintiff tripped in during a clear, sunny day.[10]

7.    Defendant's reliance on these cases is misplaced because there are genuine disputes of fact as to whether the danger of slippery conditions was open and obvious. Viewing the facts most favorably to Plaintiff, Plaintiff slipped on ice on the walkway outside of the apartment building at night. In addition, while early statements from Plaintiff and his mother may suggest that they knew it was slippery outside, Plaintiff testified that he did not see any ice or salt on the ground. Unlike the space heater in *Jones*, the existence and location of the ice was not immediately obvious to a person encountering it.[11] Similarly, unlike the plaintiff in *Clifton*, who tripped over the pothole on a clear, sunny day, Plaintiff here encountered the ice while it was dark, making it even more difficult to see.[12]

8.    The Court finds there are genuine issues of fact in this case as to whether the danger was open and obvious and, therefore, whether Defendant had a duty to warn of or protect Plaintiff from the dangerous condition.

---

[9] 2016 WL 3752409, at *3-*4 (Del. Super. July 8, 2016).
[10] C.A. No. K12C-06-022 (Del. Super. Jan. 21, 2014).
[11] *Jones*, 2016 WL 3752409, at *3-*4 (noting that the plaintiff admitted that she was aware of the space heater in the middle of the floor).
[12] *Clifton*, C.A. No. K12C-06-022.

4

9. Defendant also argues that Plaintiff is barred from recovery because, to the extent he knew that the walkway was slippery and chose to walk on it anyway, he was negligent to a degree greater than Defendant. The Court finds there are genuine disputes of fact as to Plaintiff's knowledge of the danger and the proximate cause of Plaintiff's fall, and therefore Defendant is not entitled to judgment as a matter of law based on a theory of comparative negligence.

10. Thus, because there are genuine issues of material fact as to the proximate cause of Plaintiff's fall and whether Defendant fulfilled its duty to warn and protect Plaintiff from a dangerous condition, Defendant's motion for summary judgment must be denied.

**NOW, THEREFORE, this 21st day of December, 2017, Defendant Sovereign Property Management, LLC's Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

5